# EXHIBIT A

Janice M. Seller, Esq. (SBN No. 123171)
GROTEFELD HOFFMANN
15303 Ventura Blvd., Bldg. C Suite 1505
Sherman Oaks, CA 91403
Ph: (747) 233-7145
Facsimile: (312) 601-2402
E-Mail: jseller@ghlaw-llp.com
File No. 60.004121

Electronically FILED by Superior Court of California, County of Los Angeles 10/21/2024 12:25 PM David W. Slayton, Executive Officer/Clerk of Court, By J. Mercer, Deputy Clerk

Attorney For: Plaintiff, STATE FARM GENERAL INSURANCE COMPANY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| STATE FARM GENERAL INSURANCE COMPANY;<br><br>Plaintiff,<br>vs.<br><br>MICROSOFT CORPORATION; Does 1 through 10, inclusive,<br><br>Defendants. | Case No: 24LBCV02290<br><br>**COMPLAINT FOR DAMAGES**<br><br>**AMOUNT OF DEMAND:**<br><br>**$360,975.83** |

PLAINTIFF ALLEGES AS FOLLOWS:

**FIRST CAUSE OF ACTION – NEGLIGENCE (AS TO ALL DEFENDANTS)**

1. That at all times mentioned herein and material hereto, Plaintiff was and is authorized and licensed to do and is doing business in the State of California as an insurance company.

2. The true names or capacities, whether individual, corporate, associate or otherwise, of Defendants named herein as DOES 1 through 10, are unknown to Plaintiff who therefore sues said

Defendants by such fictitious names and Plaintiff will amend this Complaint to show their names and capacities when the same have been ascertained.

3. Plaintiff is informed and believes and thereon alleges, that Defendant MICROSOFT CORPORATION is a corporation, organized and existing under the laws of the State of Washington and licensed to do business and doing business in the State of California.

4. At all relevant times, Plaintiff STATE FARM GENERAL INSURANCE COMPANY provided a policy of insurance to its insured, Seaside Shores, LLC, hereinafter "PLAINTIFF'S INSURED" for the property located at 5823 E Seaside Walk, Long Beach, CA 90803, hereinafter "SUBJECT PROPERTY". Said policy was in effect at all times mentioned herein.

5. Pursuant to the terms and conditions of the insurance policy with Plaintiff, PLAINTIFF'S INSURED made demand upon Plaintiff to pay PLAINTIFF'S INSURED'S damages in the sum of $360,975.83 for damages to the SUBJECT PROPERTY. Pursuant to the terms and conditions of Plaintiff's policy with PLAINTIFF'S INSURED, Plaintiff did pay the sum of $360,975.83 to PLAINTIFF'S INSURED.

6. Plaintiff is informed and believes and thereon alleges that at all times mentioned in the complaint Defendants and each of them were in the business of designing, manufacturing, testing, constructing, assembling, inspecting, and selling a "Samsung Surface Book" and its component parts, hereinafter "LAPTOP" which at all times herein mentioned was owned by the occupant of the SUBJECT PROPERTY, Nicole Storey, and which at times mentioned herein was located in the SUBJECT PROPERTY.

7. Plaintiff is informed and believes and thereon alleges that on or about April 11, 2023, the LAPTOP caught fire at the SUBJECT PROPERTY, causing the damages described below.

8. At all times mentioned in this complaint, Defendants and each of them so negligently and carelessly designed, packaged, manufactured, constructed, tested, assembled, inspected, sold, and designed the LAPTOP so that it was dangerous and unsafe for its intended uses.

9. As a direct and proximate result of the negligence and carelessness of the Defendants and each of them as described above, the SUBJECT PROPERTY, was damaged as a fire spread from the LAPTOP into and about the SUBJECT PROPERTY causing fire and smoke damage throughout.

10. As a direct result of the payment by Plaintiff to PLAINTIFF'S INSURED, Plaintiff has become subrogated to all of the rights of PLAINTIFF'S INSURED against Defendants and each of them, to the extent of said rights, including assignment of PLAINTIFF'S INSURED'S Deductible.

**SECOND CAUSE OF ACTION – STRICT LIABILITY (AS TO ALL DEFENDANTS)**

11. Plaintiff refers to paragraphs 1 through 10 of its first cause of action and incorporates same herein as though set forth in full.

12. At all times mentioned in this complaint, the LAPTOP and its component parts were defective as to design and manufacture, causing the fire which spread to the SUBJECT PROPERTY, with said LAPTOP being in a dangerous and defective condition that made it unsafe for its intended use.

13. As a direct and proximate result of the defective and dangerous condition of the LAPTOP described above, Plaintiff's premises, as described above was damaged as fire spread from the LAPTOP into and about the SUBJECT PROPERTY.

14. As a direct result of the payment by Plaintiff to PLAINTIFF'S INSURED, Plaintiff has become subrogated to all of the rights of PLAINTIFF'S INSURED against Defendants and each of them, to the extent of said rights, including assignment of the Insured's Deductible.

///

///

///

WHEREFORE, Plaintiff demands judgment as set forth below.

1. General damages in the sum of $360,975.83;
2. Interest on the damages from April 11, 2023;
3. For Costs of Suit incurred;
4. For such other and further relief that the court considers proper.

DATED: October 21, 2024

GROTEFELD HOFFMANN, LLP

By: ______________________________

Janice M. Seller, Esq.
Attorney for Plaintiff
STATE FARM GENERAL INSURANCE COMPANY